## UNITED STATES FIDELITY & GUARANTY CO. v. UNITED STATES et al.

District Court, S. D. New York.
May 22, 1945.

See also 63 F.Supp. 114.

Simone N. Gazan, of New York City, for libelant.

John F. X. McGohey, U. S. Atty., of New York City (Corydon B. Dunham, of New York City, of counsel), for respondent United States.

Corydon B. Dunham, of New York City, for respondent R. A. Nicol & Co., Inc.

MANDELBAUM, District Judge.

This is a libel in personam by which the libelant seeks to recover for personal injuries sustained by Charles H. Walsh on July 29, 1943, while employed by the Savannah Machine & Foundry Company as a rigger.

Since Walsh has accepted a compensation award under a deputy commissioner's order this cause of action became assigned by operation of law to his employer. The libelant insurance carrier for the Foundry Company is subrogated to the Foundry Company's rights and accordingly brings this action. 33 U.S.C.A. § 933(b) (i).

The facts to be gleaned from the credible testimony are as follows: The Foundry Company had contracted to install some tanks on a steamship, "Charles A. Dana," owned and operated by the United States. On July 29, 1943, Walsh went to the docks in Savannah for the purpose of boarding the "Dana" in the performance of his duties as rigger for the Foundry Company. Walsh, in order to board the ship climbed up on a gondola car, about a foot and a half from the side of the ship, in order to reach a flexible rope ladder with wooden rungs running from the deck of the "Dana" to the dock between the ship and the gondola car. This ladder was apparently much longer than was needed to reach the dock, and someone on the ship had pulled up the extra length of ladder, draping it over the bulwark of the ship without securing it, thus leaving considerable slack. Walsh stepped upon this ladder, which promptly gave out under his weight and he fell to the dock, striking the lower end of his back. As a result, Walsh suffered permanent injuries to his back in the region of the sacrum and the fifth lumbar vertebra. Medical testimony was offered in his behalf as to the extent, nature and permanency of his injury.

■ It is clear that the respondent, the United States, owed a duty to Walsh to provide a safe means of ingress to the "Dana." The manner in which the rope ladder was secured when Walsh used it constituted negligence on the part of the respondent, the United States. The rope ladder hanging over the side of the "Dana" was an invitation to its use, and Walsh cannot be charged with contributory negligence for having put the ladder to that use for which it was ostensibly intended.

■ The medical testimony and the testimony of Walsh indicates that his injuries will permanently incapacitate him from performing further manual labor, such as a rigger or a diver performs, but will not prevent him from doing other work of a less strenuous character. This partial total disability may be estimated at about 20%.

Walsh up to the time of the injury maintained an average earning capacity of about $2500 per annum. Walsh is 36 years of age and has a life expectancy of approximately 31 years.

As a result of his injury he will suffer a loss of approximately 20% of his average annual salary or $500. Allowing for exhaustion in occupations such as rigger, where manual labor is required, the present value of the income is $10,000. Together with pain and suffering to date and suffering he will incur in the future valued at $1,300; hospital expenses of about $1700; his total damages would amount to about $13,000.

■ The respondents' contention that the libelant is barred from bringing this suit by virtue of a contract between the United States and the Savannah Machine & Foundry Company is without merit. The respondents' claim is based upon a provision in the contract, requiring the Foundry Company to provide for compensation insurance of its employees. The respondents construe this clause as a bar to suit by the Foundry Company or its insurance carrier against the government, where employees have accepted compensation. It seems to me that this construction is forced, and does not correspond to the intention of the parties, expressed in the contract.

■ As far as the other respondent, R. A. Nicol & Co., Inc., is concerned, however, it appears that they did not have control of the ship. They were, in effect, agents only for the purpose of securing the crew for the vessel and to service the vessel. Once this was done, their responsibility ceased. They owed no duty to Walsh in this action and this action is dismissed against R. A. Nicol & Co., Inc.

A decree will accordingly be entered in favor of the libelant against the respondent, the United States, in the sum of $13,000 and the cause of action against the respondent, R. A. Nicol & Co., Inc., dismissed.

### Findings of Fact.

1. On July 29, 1943, Charles H. Walsh, a rigger employed by the Savannah Machine & Foundry Company, fell and sus-

tained permanent injuries while climbing up a rope ladder to go aboard the steamship, "Charles A. Dana" in the course of his duties.

2. The steamship "Charles A. Dana" is owned and operated by the respondent, United States.

3. The injuries sustained by said Charles H. Walsh was due solely to the negligence of the respondent, United States.

4. On July 1, 1943, the Savannah Machine & Foundry Company entered into a ship repair contract with the respondent, the United States, which contained a provision requiring the Foundry Company to provide compensation insurance for its employees.

### Conclusions of Law.

1. Charles H. Walsh suffered damages to the extent of $13,000 solely as a result of the negligence of the respondent, the United States.

2. The contract between the United States and the Savannah Machine & Foundry Company is not a bar to this action.

3. The libelant, the United States Fidelity & Guaranty Company, as assignee of the cause of action of Walsh against the respondent, the United States, is entitled to collect the damages sustained by Charles H. Walsh.

4. The respondent, R. A. Nicol & Co., Inc., owed no duty to said Charles H. Walsh.

Let a decree be entered for the libelant in the sum of $13,000 against the respondent, the United States, and the cause of action against R. A. Nicol & Co., Inc., is dismissed.